UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN J. LABEAN,

    Plaintiff,        Case Number: 2:20-10700
                  Honorable Arthur J. Tarnow

v.

WARD, ET AL.,

    Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT**

  This matter is before the Court on Benjamin J. LaBean's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. LaBean is incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. He names three defendants: Ward (Cook-7), J. Tunnell (Food Service Director), and Willie Smith (Warden, Ionia Correctional Facility). LaBean, who is proceeding *in forma pauperis,* alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The Court holds that Plaintiff fails to state a claim upon which relief may be granted and dismisses the complaint.

**I. Standard**

  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C.

§ 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.  Factual Allegations

LaBean's complaint concerns an incident which occurred on August 7, 2019, while he was incarcerated at the Ionia Correctional Facility.  On that date, LaBean was employed as the lead baker under the supervision of Defendant Ward.  (Compl. at A-5.) Also working in the kitchen that day were three other prisoners: Rosenkranz, Fox, and Burchett.  (*Id*. at A-6.) \

LaBean heard Defendant Ward yelling at Rosenkranz, Fox, and Burchett, because Ward had found the three men with a bag of cookies.  (*Id.*)  LaBean approached to

explain that the cookies were surplus and the men had permission from another supervisor to take them. (*Id.*) Defendant Ward then "took the bag with cookies and threw them at [LaBean] with force," striking LaBean. (*Id.*) LaBean filed a grievance detailing the incident and claiming an Eighth Amendment violation. (*Id.* at A-7.) His grievance was denied at all three steps of the prison grievance process. (*Id.*)

LaBean states that Defendant Ward was previously disciplined and terminated from another facility for "assaultive actions" against prisoners. (*Id.*) He argues that Defendant Tunnell, Ward's direct supervisor, and Defendant Willie Smith (warden) should have been aware of Ward's disciplinary history. LaBean maintains that by allowing Ward to supervise inmates despite Ward's assaultive history, Tunnell and Smith acquiesced in the Eighth Amendment violation. (*Id.* at A-8.)

LaBean names all three defendants in their individual capacities. He seeks monetary and injunctive relief.

## III. Discussion

LaBean claims that defendant Ward's action of throwing a bag of cookies at him violated his Eighth Amendment right to be free from cruel and unusual punishment and that defendants Tunnell and Smith acquiesced to Ward's actions.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). But the prohibition of cruel

and unusual punishments "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (citations and internal quotation marks omitted).

An Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires a plaintiff to show that the deprivations to which he has been subjected deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer,* 511 U.S. at 834. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835.

LaBean's allegations are inadequate to support a finding that the use of force was more than *de minimis*. LaBean does not claim that the bag of cookies was uniquely heavy or that he was injured by the cookies or that he suffered even momentary pain. Assuming that the incident unfolded as alleged, Ward acted childishly by throwing the cookies, but this action does not rise to the level of physical contact with which the Constitution is concerned. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("There

4

is, of course, a *de minimis* level of imposition with which the Constitution is not concerned."); *Hudson*, 503 U.S. at 9 ("That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action."). LaBean therefore fails to state an Eighth Amendment claim.

LaBean's allegations against defendants Tunnell and Smith are based upon their supervisory authority. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown that "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). LaBean fails to raise a viable Eighth Amendment claim. Therefore, he cannot show that Tunnell and Smith "acquiesced in … unconstitutional conduct." *Id.*

## IV. Conclusion

Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could be taken in good faith.

SO ORDERED.

s/Arthur J. Tarnow<br>
ARTHUR J. TARNOW<br>
UNITED STATES DISTRICT JUDGE

Dated: April 16, 2020